Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

# UNITED STATES DISTRICT COURT
for the
WESTERN District of WASHINGTON
_____ Division

FILED ___
LODGED ___
RECEIVED ___
MAIL

MAR 05 2021
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

**21-CV-303 RSM**

Case No. _____ (to be filled in by the Clerk's Office)

HENRY JAMES
_____
Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

SGT. THOMAS, LT. DAVID BURDULIS, DIRECTOR JOHN DICROCE
_____
Defendant(s)
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)

Jury Trial: (check one) ☑ Yes ☐ No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: HENRY JAMES
Address: 14100 LINDEN AVE. N., APT. 449
SEATTLE    Wa.    98133
City / State / Zip Code

County: KING
Telephone Number: 206 445-9102
E-Mail Address: henryjames37@gmail.com

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name: F. THOMAS
Job or Title (if known): SERGEANT
Address: 20817 17TH AVE. S.
DES MOINES    Wa.    98198
City / State / Zip Code

County: KING
Telephone Number: 206 257-6240
E-Mail Address (if known): ?

[X] Individual capacity    [X] Official capacity

Defendant No. 2

Name: DAVID BURDULIS
Job or Title (if known): LIEUTENANT, TRAING, INTERNAL INVESTIGATIONS
Address: 20817 17TH AVE. S.
DES MOINES    Wa.    98198
City / State / Zip Code

County: KING
Telephone Number: (206) 257-6240  CELL-(206) 498-6376
E-Mail Address (if known): ?

[X] Individual capacity    [X] Official capacity

Defendant No. 3
- Name: JOHN DICROCE
- Job or Title (if known): DIRECTOR/OPERATIONS CHIEF
- Address: 20817 / 17TH AVE. S.
  - City: DES MOINES
  - State: Wa.
  - Zip Code: 98198
- County: KING
- Telephone Number: (206) 257-6240
- E-Mail Address (if known):

[X] Individual capacity   [X] Official capacity

Defendant No. 4
- Name:
- Job or Title (if known):
- Address:
  - City:
  - State:
  - Zip Code:
- County:
- Telephone Number:
- E-Mail Address (if known):

[ ] Individual capacity   [ ] Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

[ ] Federal officials (a *Bivens* claim)

[X] State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

DUE PROCESS RIGHTS OF FOURTEENTH AMENDMENT, EIGHTH AMENDMENT RIGHTS

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

SEE ATTACH!

### III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

SEE ATTACH!

B. What date and approximate time did the events giving rise to your claim(s) occur?

SEE ATTACH!

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

SEE ATTACH!



Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

_SEE ATTACH!_

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

_SEE ATTACH!_

BASIS FOR JURISDICTION "D" CONTINUED FROM PAGE 4 OF 6                                    PAGE ONE

1. Sergeant F. Thomas is held liable under Section 1983 when he acted "under color of state/local law" by ordering himself and other Corrections Officers to excessively beat the plaintiff throwing him to the floor in a choke-hold; while Defendant Thomas proceeded to put his knee on plaintiff's neck making it extremely hard for plaintiff to breath; ripping his clothes off leaving him partial naked in a cold, camera videoed pre booking holding cell for over 12 hours; *feeling violated and sexual discriminated.*

2. Sergeant F. Thomas is held liable under Section 1983 when he acted "under color of state/local law" with Deliberate Indifference to plaintiff medical needs by falsely stating plaintiff refused to have his vital signs taken by medical; Medic Laivar stating they don't treat injuries for beating sustain by SCORE Correction Officers; and putting plaintiff in a Medical Housing Unit video camera cell without allowing him to use the phone, take a shower nor come out for an hour a day recreation.

3. Lieutenant David Burdulis is held liable under Section 1983 when he acted "under color of state/local law" by initial ordering the plaintiff via phone conversation to submit his 'formal complaint' to him to investigate; but after receiving plaintiff's complaint, failed to investigate, stalling the plaintiff for over 2 months, ignoring his phone calls, refusing to give the plaintiff any information that an investigation was conducted; nor was the plaintiff given an opportunity to respond to anything; and after informing Defendant Burdulis that plaintiff wanted to go forward with this matter via phone conversation, Defendant Burdulis failed to honor the requests of the initial 'formal complaint,' refusing to allow the plaintiff to inspect or buy the requested public records, refusing the plaintiff to inspect or copy the video recording *of the beating and names of officers seen on video beating him and ripping plaintiff clothes off;* nor did he give the plaintiff a final decision, nor did he point the plaintiff in the right direction to the get the requested public records.

4. State Law and SCORE Public Records regulation clearly states: HOW TO OBTAIN OR INSPECT PUBLIC RECORDS HELD BY 'SCORE'- If you wish to review or inspect any identified records held by the South Correctional Entity – also know as SCORE (available under the Public Records Act, RCW 42.56), you can make a Public Disclosure Request. Request will be accepted in person at SCORE, by phone, by fax, or by email at '<u>publicrecords@SCOREjail.org</u>'. The first paragraph of this ordinance/regulation states in part: "You do not have to use our form, but it shows the kind of information we need to process your request". Defendant Burdulis ignored paragraph 2 of the plaintiff's initial 'formal complaint' dated June 25, 2018, asking for the video footage of the beating and sexual assault, nor did he give plaintiff the names of the officers involved; thereby, prohibiting the plaintiff from proceeding further with the matter to King County Superior Court. Washington State Law reads: "A requester who prevails against an agency that has denied a record must be awarded their costs, including reasonable attorneys' fees. RCW 42.56.505(4).

5. Director/Operations Chief John Di Croce is held liable under Section 1983 when he acted "under color of state/local law" by 'failing to act' after first being informed about the incident by Defendant Burdulis in 2018, per his statements dated August 3, 2020. Defendant Di Croce was also informed in 2018 by SCORE Jail Human Resources-Lucinda Gibbon via email August

23, 2018. Defendant Di Croce is also aware of other Civil Rights violations against other inmates before this initial complaint was filed and after this initial complaint was filed; whereas, Defendant Dicroce was the overseer of a history of excessive force claims deliberately done, in violation of pre-trial detainees Constitutional Rights.

6. Defendant Burdulis failure to adequately investigate and follow the procedures under the public records act to ensure the plaintiff received the video footage and Correction Officers names; Defendant Di Croce also had knowledge about the foregoing 'formal complaint', but failed to act/oversee matters in superior hands, which contributed to the beating and sexual assault by Defendant Thomas and other unknown Correction Officers, in violation of the plaintiff's Due Process Rights of the Fourteenth Amendment. SCORE Jail has use excessive force and sexual abuse inmates before this complaint took place, and has also use excessive force and violated inmates/pre-trial detainees Eighth Amendment rights after this complaint took place; as such, SCORE Jail has a history of violating inmates Constitution Rights.

### III. STATEMENT OF CLAIMS CONTINUED FROM PAGE 4 OF 6

### CLAIM ONE
**SERGEANT THOMAS AND OTHER UNKNOWN OFFICERS MALICIOUSLY AND SADISTICALLY APPLIED EXCESSIVE FORCE AND WAS DELIBERATELY INDIFFERENT TO THE MEDICAL AND RECREATION NEEDS OF THE PRE-TRIAL DETAINEE/PLAINTIFF, IN VIOLATION OF HIS EIGHTH AND FOURTEENTH AMENDMENT RIGHTS TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT**

1. On June 18, 2018, between the hours of 3 p.m. and 4:36 p.m., plaintiff was arrested sober in his right frame of mind without resistance by Bellevue PD Officer Miller.
2. Plaintiff was then taken to SCORE Jail at approximately 4:36 p.m.
3. Plaintiff was then put in a video camera cell handcuffed behind his back.
4. After sitting in the video camera cell for several hours handcuffed behind his back without being booked, plaintiff was starting to get cold.
5. Plaintiff then went to the glass door and asked an unknown Officer to take the handcuffs off and for a blanket to keep warm.
6. The unknown Officer then yelled to the plaintiff to get away from the door and shut up.
7. Plaintiff then requested to speak with a ranking officer.
8. Sergeant Thomas and 3 other unknown Corrections Officers then came into plaintiff's video camera cell.
9. Sgt. Thomas then placed the plaintiff in a choke-hold, slamming him to the floor face first.
10. *Sgt. Thomas then put his knee on the plaintiff's neck while 2 Officers punched the plaintiff in the ribs and back.*
11. Another unknown Officer then started twisting plaintiff's leg around and around.
12. Sgt. Thomas proceeded to keep his knee on the plaintiff's neck while the other 3 Officers ripped off the plaintiff's clothes leaving him partially naked.
13. All 4 Corrections Officers then left the video camera cell one by one, while plaintiff lied on the floor gasping for air.
14. Around 12 a.m. of 06/19/2018, plaintiff was taken to be seen by medical.

PAGE THREE

15. The medic was a black male with an African nation accent with the name tag entitled Lalvar.
16. Plaintiff asked Medic Lalvar to record the injuries he sustained in the Correction Officers beating.
17. Medic Lalvar informed the plaintiff that we are not allowed to document injuries of beatings done here at SCORE Jail by our Officers.
18. Officer F. Thomas, (who's believed to be the same Sergeant Thomas who choked and beat the plaintiff) wrote in the 'JAIL EVENTS SUMMARY REPORT' plaintiff refused to get his vital signs taken by medical.
19. Plaintiff states that he did not refuse medical treatment, nor did he sign a refusal to be treated.
20. Plaintiff was then booked; while being booked plaintiff asked the female working in booking early that morning was the camera rolling when the Officers were beating him; the white female booking officer informed the plaintiff yes it was video recording the beating.
21. Plaintiff was then involuntarily taken to a Medical/Mental Health Housing Unit. Plaintiff did not request to be taken there nor did he sign any forms agreeing to be taken to a video camera Medical Housing Unit cell.
22. While housed in this Medical Housing Unit, plaintiff was not allowed to use the phone, shower nor come out for recreation.
23. Plaintiff layed in his cell with neck, back and wrist pain without medical treatment.
24. On June 20, 2018, around 7:57 p.m., plaintiff was released from SCORE Jail per Court Order.
25. The next morning, June 21, 2018, around 11:07 a.m., plaintiff went to UW Medicine NorthWest Hospital & Medical Center to be treated for his injuries sustained at SCORE Jail.
26. Plaintiff clinical findings were numbness in the bilateral arms, back and right lateral lower leg pain; displaced vertically-oriented fracture through the tuft of the second finger distal phalanx with associated soft tissue swelling.

**CLAIM TWO**
**INTERNAL INVESTIGATIONS LIEUTENANT DAVID BURDULIS DISPLAYED 'DELIBERATE INDIFFERENCE' BY PERMITTING THE INCORRECT BEHAVIOR, NOT DISCOURAGING, PUNISHING, OR STOPPING IT; LT. BURDULIS FURTHER COMMITTED 'DELIBERATE INDIFFERENCE' BY NOT ANSWERING THE PLAINTIFF'S COMPLAINT, REFUSING TO GIVE THE PLAINTIFF THE VIDEO FOOTAGE OF THE OFFICERS BEATING NOR THE NAMES OF THE OFFICERS INVOLVED**

1. On or about June 25, 2018, plaintiff spoke with Lt. Burdulis via phone conversation concerning filing a complaint about the Officers beating and obtaining the video footage and Officers names that were involved.

PAGE FOUR

2. Lt. Burdulis informed the plaintiff to do a handwritten complaint and send it to SCORE Internal Affairs; once he received the complaint he would investigate and send me the requested video footage and Officers names; during this time Lt. Burdulis was overseer of 'Internal Investigations'.
3. Plaintiff typed a formal Excessive Force Complaint informing Lt. Burdulis of what happen, also requesting in his relief emotional distress, punitive and compensatory damages; the video and audio recording of plaintiff being beaten and choked; and the full names of all of the officers involved in the beating; plaintiff mailed the complaint to SCORE Jail Internal Affairs on or about June 26, 2018.
4. During the month of July 2018, plaintiff called Lt. Burdulis leaving him voicemails checking the status of the complaint and requested evidence, but received no response.
5. During the month of August 2018, plaintiff continued trying to contact Lt. Burdulis concerning the status of his complaint and relief, but received no answer from defendant Burdulis.
6. **On August 23, 2018, at 2:39 p.m., plaintiff email: info@scorejail.org inquiring about the status of his 06/18/2018 complaint and relief.**
7. **On August 23, 2018, at 2:44 p.m., plaintiff also email: humanresources@scorejail.org inquiring about the status of his 6/18/2018 complaint and relief.**
8. On August 23, 2018, at 3:07 p.m., plaintiff received a response email from defendant Burdulis stating, "Mr. James, I attempted to get back to regarding your allegation in June. I will call you on Monday at 10 a.m. if that works.
9. On August 23, 2018, at 3:34 p.m., plaintiff responded to defendant Burdulis' email saying, "Yes, I will be available at that time."
10. On August 23, 2018, at 5:10 p.m., Human Resources Director-Lucinda Gibbon responded to plaintiff's email stating, "Thank you for your email. I have forwarded your information to Lieutenant Burdulis or Operations Director DiCroce to answer you questions."
11. On August 24, 2018, at 7:44 a.m., plaintiff received an email response from the Supervisor Admin. Support and Records-Mary Roy stating, "Thank you for your inquiry! I have forwarded your request on to our administrative staff to check on."
12. On August 27, 2018, plaintiff spoke with defendant Burdulis concerning the status of the investigation and the requested video footage and Officers names.
13. Defendant Burdulis denied the incident took place; plaintiff then asked defendant Burdulis for the video footage of the beating and Officers names; defendant Burdulis stated, "it's too late to get the video footage and names", and hung the phone up on the plaintiff.
14. **On September 18, 2018, at 3:27 p.m., plaintiff emailed: publicrecords@scorejail.org informing them that defendant Burdulis was not helpful in giving me the requested** public records of the video footage, nor the Officers names.
15. On September 18, 2018, at 3:45 p.m., plaintiff received a response via email from the public records department informing the plaintiff of the new online records request portal.
16. On September 20, 2018, at 11;22 a.m., plaintiff received an email from scorejail@mycusthelp.net **informing the plaintiff that he was now registered with SCORE Jail Public Records Center**
17. On September 20, 2018, at 11:31 a.m., plaintiff received a response from scorejail@mycusthelp.net stating, "Thank you for your interest in public records of

Case 2:21-cv-00303-RSM   Document 7   Filed 03/19/21   Page 10 of 14

PAGE FIVE

SCORE Jail. Your request has been received and is being processed in accordance with the State of Washington Public Records Act, Chapter 42.56 RCW. Your request was given *the reference number R000009-092018 for tracking purposes." "Your request will be* forwarded to the relevant department to locate the information you seek and to determine the volume and any costs associated with satisfying your request. . . . ."

18. On September 21, 2018, at 7:29 a.m., plaintiff received another response from scorejail@mycusthelp.net stating, "Please note the information requested is personal and confidential and is subject to exemptions as per RCW 42.56.070(1) and RCW 70.48.100(2). In order to release the records to you, we will need a SCORE authorization for release form signed and returned to SCORE.
19. Plaintiff then printed out the REQUEST FOR PUBLIC RECORDS release form and mailed it back to SCORE Jail public records office 09/21/2018.
20. After waiting almost 22 months for the requested public records, the plaintiff contacted SCORE public records again concerning the status of his request.
21. On July 14, 2020, plaintiff received a response from Communications & Contracts Manager-Marilynn Montenegro stating, "On September 27, 2018, we sent you a follow-up letter indicating your need to submit the signed release, and if we did not hear from you by October 11, 2018, we would close the request. We closed the request due to your non-response."
22. Plaintiff went back and checked his emails for September 27, 2018, and could not find the letter that was sent, nor was any follow-up letter ever sent via mail or email.

**CLAIM THREE**
**DIRECTOR AND OPERATIONS CHIEF JOHN DI CROCE DISPLAYED DELIBERATE INDIFFERENCE BY PERMITTING THE INCORRECT BEHAVIOR BY NOT DISCOURAGING, PUNISHING, OR STOPPING IT; DEFENDANT DI CROCE FURTHER COMMITTED DELIBERATE INDIFFERENCE BY HAVING KNOWLEDGE OF THE 2018 INCIDENT BUT FAILED TO ASSIST THE PLAINTIFF IN OBTAINING THE REQUESTED VIDEO FOOTAGE AND OFFICERS NAMES**

1. On August 23, 2018, at 5:10 p.m Human Resources Director-Lucinda Gibbon responded via email to plaintiff inquiry of the status of his 06/18/2018 complaint stating, "I have forwarded your information to . . . . Operations Di Croce to answer your questions.
2. Plaintiff states that to his knowledge this was the first time defendant Di Croce was notified about the excessive force claim.
3. Defendant Di Croce also admitted he had knowledge of the 06/18/2018 incident in his letter to plaintiff dated August 3, 2020, when he stated, "I have been provided a copy of your formal complaint for excessive force, which you allege based on events on or about June 18, 2018. It appears to be a re-submission of allegations that you presented to SCORE in 2018, and which Lieutenant Burdulis addressed with you by phone at that time. In reviewing your complaint and documentation provided by Lieutenant Burdulis, I find that, consistent with Lieutenant Burdulis' observations and discussion with you in 2018, your allegation of excessive force to be **UNFOUNDED.** The

finding is supported by the following jail log that was entered on June 18, 2018 at 5:23 p.m. by Sergeant Thomas."

4. *Plaintiff states that Director defendant Di Croce had knowledge of plaintiff's complaint* since June 2018, after receiving it via U.S. Mail Internal Affairs.

5. Defendant DiCroce's own admissions in his August 3, 2018 response stated, "In reviewing your complaint and documentation provided by Lieutenant Burduils, 'i find that,' consistent with Lieutenant Burdulis observations and discussion with you in 2018, *your allegation of excessive force to be <u>UNFOUNDED.</u>*"; *at 5:23 p.m. June 18, 2018*; written by Sergeant Thomas. In addition, defendant Di Croce provided other information by Lieutenant Burdulis.

## IV. INJURIES CONTINUED FROM PAGE 5 OF 6

1. On June 21, 2018, at 11:07 a.m., UW Medicine NorthWest Hospital & Medical Center finalized the first injury stating, "Numbness and pain in the bilateral arms, back and right lateral lower leg pain; minimal displaced vertically-oriented fracture through the tuft of the second finger distal phalanx with associated soft tissue swelling;"
2. June 21, 2018, at 11:25 a.m., UW Medicine NorthWest Hospital & Medical finalized the second injury stating, "Uncovertebral hypertrophy produces mild bilateral foraminal narrowing; Posterior disc osteophyte complex indents the ventral CSF space, slightly asymmetric to the left; Disc osteophyte complex produces mild cord contouring; CSF signal is effaced; Post disc osteophyte complex minimally indents the ventral CSF space; There is no cord compression; Uncovertebral hypertrophy continues to produce mild left foraminal narrowing;"
3. June 21, 2018, at 11:50 a.m., UW Medical NorthWest Hospital & Medical finalized the third injury stating, "Multilevel cervical spondylosis most pronounced at C4-C5 where there is mild central canal stenosis with ventral cord contouring."
4. Plaintiff also received emotional distress injuries from the beating.
5. Plaintiff further states that it took 9 months for the numbness and pain to go away in both wrists, after defendant Thomas slammed the plaintiff to the floor while he was handcuffed behind his back.

## V. RELIEF CONTINUED FROM PAGE 5 OF 6

1. Plaintiff request compensatory damages in the amount of $10,000.00 to compensate plaintiff for his injuries and for the unlawful conduct committed by Sgt.Thomas and the other officers; as such, the injuries requested in paragraph 4 of this Relief, which so far amounts to $3300.00;
2. Plaintiff request emotional distress damages in the amount of $10,000.00 for the embarrassment and humiliation and body pain they caused the plaintiff in his arms and legs and both wrists;
3. Plaintiff request punitive damages in the amount of $75,000.00 due to the fact the officers intentionally and deliberately beat the plaintiff and intentionally and deliberately withheld the video footage and Officers names that were involved;
4. Plaintiff request $100.00 per day for each day that the requester/plaintiff was denied the right to inspect or copy video footage and Officers names that were involved; Plaintiff states that he has been denied the right to inspect or copy the requested documents for over 33 months.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: March 3, 2021

Signature of Plaintiff: *Henry James*
Printed Name of Plaintiff: HENRY JAMES

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Address: _____
          City _____  State _____  Zip Code _____
Telephone Number: _____
E-mail Address: _____



HENRY JAMES
14100 LINDEN AVE. N., Apt. 449B
SEATTLE, Wa. 98133

WESTERN DISTRICT OF WASHINGTON
U.S. DISTRICT COURT
700 STEWART ST., SUITE 2310
SEATTLE, Wa. 98101

MAIL
FILED ___ LODGED ___ RECEIVED
MAR 05 2021
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

U.S. POSTAGE PAID
FCM LETTER
NEW ORLEANS, LA
70113
MAR 03, 21
AMOUNT
$1.15
R2305K134449-36